CARROLL, DONALD K., Judge.
The plaintiff in an action seeking injunc-tive relief has appealed from an order entered by the Circuit Court for Leon County dismissing his complaint.
The ultimate question presented for our determination in this appeal is whether, under the law of Florida, the physicians at certain hospitals located on the campus of the University of Florida are required to be licensed by the Board of Medical Examiners of this state as a prerequisite to practicing medicine.
Briefly stated, the essential allegations of the plaintiff’s complaint are: that the plaintiff is a duly-licensed physician, suing on behalf of himself and other physicians similarly licensed: that the defendant Board of Regents has complete management and control over the institutions of higher learning of the state and the defendant *637 members of the State Board of Education have direct control and supervision of the Board of Regents; that a teaching hospital known as Shands Teaching Hospital has been established in conjunction with the Medical School and Nursing College of the University of Florida, and an additional hospital, known as the University Infirmary, has also been established; that Section 458.05(1), Florida Statutes, F.S.A., provides that no person shall practice medicine in Florida unless he shall have obtained a license to do so from the State Board of Medical Examiners; and that 42 members of the medical staffs of the two hospitals are not licensed physicians, but are employees of the University of Florida and are actively engaged in the diagnosis and treatment of illnesses. Finally, the plaintiff prays in his complaint for an injunction restraining the defendants from permitting the physicians not licensed by the State Board of Medical Examiners to engage in the practice of medicine at either of the said hospitals.
In the order appealed from herein the court gave, as its reason for dismissing the plaintiff’s complaint, its opinion that the said hospitals at the University of Florida in Gainesville are both “state institutions” within the meaning and intent of Subsection (2) (j) of Section 458.13, Florida Statutes, F.S.A., and that the employment of the physicians complained about is authorized under that sub-section.
That sub-section provides that Chapter 458, Florida Statutes, which relates to the licensing of physicians, “ * * * shall not be construed as applying to: * * * Any person employed as a physician in a state institution.”
We think that the Circuit Court was correct in holding that the two hospitals were state institutions within the meaning of the quoted sub-section.
In their briefs the parties refer to various judicial definitions of the word “institution” as used in different contexts, but we are inclined to the view that the State Legislature, in enacting the mentioned subsection, intended that the said word include such university facilities as the two hospitals in question. We think that the Legislature used the term in its broad meaning, as defined in Webster’s Third New International Dictionary, of “ * * * an establishment or foundation esp. of a public character * * * a building or the buildings occupied or used by such organization. * * * ”
Accordingly, the order appealed from should be and it is
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.